IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN R. McCOWAN | ) | |
| | ) | |
| | ) | FILED: JULY 8, 2008 |
| Plaintiff, | ) Case No. | 08CV3884 |
| | ) | JUDGE KOCORAS |
| vs. | ) Jury Demand | MAGISTRATE JUDGE NOLAN |
| | ) | TG |
| THE HABITAT COMPANY, LLC, | ) | |
| and HABITAT EXECUTIVE SERVICES, | ) | |
| INC., HABITAT EXECUTIVES | ) | |
| NO 1 L.L.C., and HABITAT CORPORATE | ) | |
| SUITES NETWORK L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, ALVIN R. MC COWAN, ("McCowan") by and through his attorneys, PETER ANDJELKOVICH & ASSOCIATES, and states as his Complaint against Defendant, THE HABITAT COMPANY, LLC. ( "Habitat Company"), HABITAT EXECUTIVE SERVICES, INC. ("Habitat Executive"), HABITAT EXECUTIVES NO 1 L.L.C., and HABITAT CORPORATE SUITES NETWORK L.L.C.

**JURISDICTION AND VENUE**

1. The court has jurisdiction of the subject matter of this lawsuit pursuant to 28 U.S.C. §1331 in that this matter raises federal questions under the provisions of the the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e *et. seq.*, as amended, and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981. This court has supplemental jurisdiction of the subject matter involving the state law claim under 28 U.S.C. § 1367(a).

2.	Venue is proper under 28 U.S.C. §1391.

## PARTIES

3.	Plaintiff, Alvin R. McCowan is a sixty (60) year old African American and resident of Will County Illinois.

4.	Defendant Habitat Company is an Illinois limited liability company in good standing established under the laws of the State of Illinois and doing business in the County of Cook, State of Illinois.

5.	Defendant Habitat Executive is an Illinois corporation in good standing incorporated under the laws of the State of Illinois and doing business in the County of Cook, State of Illinois.

6.	Habitat Executives No 1 L.L.C. is an Illinois limited liability company in good standing established under the laws of the State of Illinois and doing business in the County of Cook, State of Illinois.

7.	Habitat Corporate Suites Network L.L.C. is an Illinois limited liability company in good standing established under the laws of the State of Illinois and doing business in the County of Cook, State of Illinois.

## STATEMENT OF THE CLAIM

8.	Mr. McCowan was hired by Habitat Company in 1990 as a General Manager and at all relevant times thereafter and prior to his termination, was an employee of Habitat Company and Habitat Executive as defined under Title VII, 42 U.S.C. §2000e(f), *et seq.*, and ADEA, 29 U.S.C. § 630(f).

9.	By the time of his termination, Mr. McCowan had been promoted to the position

of Senior Vice President and as part of his compensation, received limited liability and partnership interests and associated earnings in various partnerships and limited liability companies owned by or affiliated with Habitat Company.

10. At all relevant times described herein, the Habitat Company is an employer as defined under Title VII, 42 U.S.C. §2000e(b), *et seq.*, and ADEA, 29 U.S.C. § 630(b).

11. At all relevant times described herein, the Habitat Executive is an employer as defined under Title VII, 42 U.S.C. §2000e(b), *et seq.*, and ADEA, 29 U.S.C. § 630(b).

12. Mr. McCowan timely filed a Charge for Discrimination with the EEOC and timely filed this lawsuit after the issuance of the EEOC Right to Sue letter,. **Exhibit 1**.

## COUNT I
## TITLE VII RACE DISCRIMINATION

13. Mr. McCowan incorporates as if fully alleged herein paragraphs 1 through 12 as paragraph 13 of Count I.

14. Throughout his employment with Defendants, Mr. McCowan met his employer's legitimate expectations.

15. On March 31, 2008, Mr. McCowan received a letter from Jason C. Kim, attorney for Habitat Executive, terminating his employment. No reason for termination was given. **Exhibit 2**.

16. Other similarly situated non-African American employees have not been terminated.

17. Defendants stereotypes African American employees by assigning them to customers, clients and other contacts of the same or similar race.

18.     Throughout much of his employment as Senior Vice President, Mr. McCowan was the only African American holding a key managerial position withing Defendants' organization.

19.     Following his termination, Defendants assigned many of Mr. McCowan's former duties and responsibilities to a substantially younger, non-African American.

20.     Defendants treated Mr. McCowan less favorably than such similarly situated non-African American employees on account of his race by predominately limiting his customer development and contact to African American clientele, compensating non-African American employees at higher rates by honoring more frequently their procuring cause incentives and commissions, and conducting private meetings between Defendants' Chief Operating Officer and non-African American Vice Presidents to the exclusion of Mr. McCowan, who at the time was the only African American Senior Vice President

21.     Defendants have otherwise discriminated against Mr. McCowan because of his race.

22.     Habitat Company and Habitat Executive engaged in the aforementioned discriminatory practices with malice and/or with reckless indifference to the federally protected rights of Mr. McCowan.

WHEREFORE, Mr. McCowan requests that this Court enter judgment in favor of Mr. McCowan and against Habitat Company and Habitat Executive and that Mr. McCowan be awarded the following relief:

A.     That Habitat Company and Habitat Executive reinstate Mr. McCowan to a position comparable to what he would have had at a rate of pay comparable to what he would be receiving if not for the violations committed against him, or that he be awarded an appropriate

award of front pay in lieu of reinstatement.

  B. That Habitat Company and Habitat Executive pay to Mr. McCowan a sum equal to any loss of wages or bonuses he has suffered as a result of the violations committed against him.

  C. That Habitat Company and Habitat Executive reinstate Mr. McCowan's coverage under all insurance, pension and other benefit policies heretofore canceled by Habitat Company and Habitat Executive, that Habitat Company and Habitat Executive compensate Mr. McCowan for any and all expenses or losses incurred by Mr. McCowan as a result of his loss of insurance and pension/retirement benefits, and to reinstate Mr. McCowan to a position in the pension/retirement plan he would have enjoyed but for his unlawful termination.

  D. The Habitat Company and Habitat Executive cease and desist from discriminating on the basis of race in its employment practices.

  E. That Mr. McCowan be awarded compensatory and punitive damages.

  F. That Habitat Company and Habitat Executive pay to Mr. McCowan reasonable attorneys fees and expert costs and other costs incurred as a result of the violation alleged herein.

  G. For an award of pre- and post-judgment interest; and

  H. That such further relief be granted to Mr. McCowan as may be necessary to make him whole.

  I. Such further relief as this Court deems equitable and just.

## COUNT II
## SECTION 1981 RACE DISCRIMINATION

23. Mr. McCowan incorporates as if fully alleged herein paragraphs 1 through 22 as paragraph 23 of Count III.

24. Habitat Company intentionally and/or in reckless disregard to Mr. McCowan's federally protected rights terminated Mr. McCowan because of his race in violation of 42 U.S.C. § 1981 of the Civil Rights Act of 1866, as amended, resulting in Mr. McCowan incurring a loss of his employment, wages and benefits and incurring future losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary harm.

WHEREFORE, Mr. McCowan requests that this Court enter judgment in favor of Mr. McCowan and against Habitat Company and Habitat Executive and that Mr. McCowan be awarded the compensatory and punitive damages, attorneys fees and costs, and such further relief be granted to Mr. McCowan as may be necessary to make him whole.

## COUNT III
## AGE DISCRIMINATION

25. Mr. McCowan incorporates as if fully alleged herein paragraphs 1 through 24 as paragraph 25 of Count IV.

26. Mr. McCowan is within a protected age classification for employees under ADEA.

27. Habitat Company and Habitat Executive favors those not in the protected age classification in their terms of employment, including but not limited to, promotional opportunities, compensation and benefits based on their age.

28. Defendant Habitat Executive terminated Mr. McCowan because of his age.

29. Other similarly situated employees not within the protected age classification have not been terminated.

WHEREFORE, Mr. McCowan requests that this Court enter judgment in favor of Mr. McCowan and against Habitat Company and Habitat Executive and that Mr. McCowan be awarded the following relief:

A. That Habitat Company and Habitat Executive reinstate Mr. McCowan to a position comparable to what he would have had at a rate of pay comparable to what he would be receiving if not for the violations committed against him, or that he be awarded an appropriate award of front pay in lieu of reinstatement.

B.   That Habitat Company and Habitat Executive pay to Mr. McCowan a sum equal to any loss of wages or bonuses he has suffered as a result of the violations committed against him.

C.   That Habitat Company and Habitat Executive reinstate Mr. McCowan's coverage under all insurance, pension and other benefit policies heretofore canceled by Habitat Company and Habitat Executive, that Habitat Company and Habitat Executive compensate Mr. McCowan for any and all expenses or losses incurred by Mr. McCowan as a result of his loss of insurance and pension/retirement benefits, and to reinstate Mr. McCowan to a position in the pension/retirement plan he would have enjoyed but for his unlawful termination.

D.   The Habitat Company and Habitat Executive cease and desist from discriminating on the basis of race in its employment practices.

E.   That Mr. McCowan be awarded double the award of his back pay as liquidated damages.

F.   That Habitat Company and Habitat Executive pay to Mr. McCowan reasonable attorneys fees and expert costs and other costs incurred as a result of the violation alleged herein.

G.   For an award of pre- and post-judgment interest; and

H.   That such further relief be granted to Mr. McCowan as may be necessary to make him whole.

I.   Such further relief as this Court deems equitable and just.

## COUNT IV
## SUIT FOR ACCOUNTING

30.   Mr. McCowan incorporates as if fully alleged herein paragraphs 1 through 29 as paragraph 30 of Count V.

31.   Mr. McCowan is a member or limited partner with various limited liability companies and partnerships arising out of his employment with Habitat Company and Habitat Executive.

32.   As a result of Mr. McCowan's unlawful termination, Habitat Company and Habitat Executive have failed and refused to pay and accurately account for Mr. McCowan's

share of his limited liability companies and partnership proceeds and compensation under the terms of the partnership agreements and under Executive Deferred Compensation Plan II.

33. These limited liability companies and partnerships include, but are not limited to:

A. Habitat Executives No. 1, LLC, an Illinois limited liability company;

B. Habitat Corporate Suites Network LLC, an Illinois limited liability company; and

C. Habitat Company.

WHEREFORE, Mr. McCowan requests that this Court enter judgment in favor of Mr. McCowan and against Habitat Executives No. 1, LLC, Habitat Corporate Suites Network LLC and Habitat Company and that an independent accounting be ordered, and that Mr. McCowan be awarded his attorneys fees and costs, and such further relief as may be necessary to make him whole.

        Respectfully submitted,
        **Alvin R. McCowan**

By: /s/ Bradley Wartman
      One of his attorneys.

Peter Andjelkovich, Esq.
Bradley Wartman, Esq.
Peter Andjelkovich & Associates
39 South LaSalle Street, Suite 200
Chicago, IL 60603
312/782-8345

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Alvin R. Mccowan  
1409 Pinewood Ct  
University Park, IL 60466

From: Chicago District Office  
500 West Madison St  
Suite 2800  
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8814 9836

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-05356 | Zelma Gonzalez, Investigator Support Asst | (312) 886-4821 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe, District Director      5/13/08 (Date Mailed)

Enclosures(s)

cc: THE HABITAT COMPANY

08CV3884  
JUDGE KOCORAS  
MAGISTRATE JUDGE NOLAN  
TG


PLAINTIFF'S EXHIBIT 1

NEAL ▪ GERBER ▪ EISENBERG

Jason C. Kim
Attorney at Law

Tel 312.269.8019
Fax 312.269.1747
jkim@ngelaw.com

March 31, 2008

**VIA FEDERAL EXPRESS**

Mr. Alvin R. McCowan
1409 Pinewood Court
University Park, IL 60466

Re: *Habitat Executive Services, Inc.*

Dear Mr. McCowan:

Neal, Gerber & Eisenberg LLP represents Habitat Executive Services, Inc. ("Habitat" or the "Company"). This letter serves as notice that your employment with Habitat is terminated effective March 21, 2008. Effective immediately, your Company-maintained voicemail, e-mail, blackberry, cell phone and computer accounts will be deactivated, and in conjunction with your termination, you will no longer have access to Habitat's offices or its property management offices.

You will be paid through March 21, and for all accrued, unused vacation time, if any, pursuant to Company policy. You have certain rights to elect the continuation of health insurance benefits by making timely notification and payments. Information regarding your rights will be mailed directly to your home address by Habitat within the next few weeks. You may have certain other rights and obligations pursuant to the Company's Operating Agreement, and the Executive Deferred Compensation Plan II for Habitat. Any such matters will be addressed in separate correspondence.

Also, you currently have in your possession Company property, equipment, documents, files, records, reports, plans, and other items belonging to Habitat, its tenants and/or its investors. Habitat also has personal items and effects from your office which will be returned to you. Please contact me, or have your attorney contact me, to arrange for a mutually agreeable time to exchange all such property at our offices located at 2 N. LaSalle St., Ste. 2200, Chicago, Illinois. At that time, we will request that you indicate in writing that you have returned all Company property in your possession.



Neal, Gerber & Eisenberg LLP • Two North LaSalle Street • Chicago, Illinois 60602-3801 • 312.269.8000 • www.ngelaw.com

NEAL, GERBER & EISENBERG LLP

Mr. Alvin R. McCowan
March 31, 2008
Page 2

Please contact me, or have your attorney contact me, if you have any questions.

Very truly yours,

NEAL, GERBER & EISENBERG LLP

Jason C. Kim

JCK:tm

cc:   Peter Andjelkovich (via e-mail)

NGEDOCS: 1518756.1